UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael D. Landingham,** | ) | CASE NO. 1:22 CV 00284 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| **Department of Justice,** | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Michael D. Landingham filed this action against the Department of Justice. In the Complaint, he alleges the Secret Service and Federal Bureau of Investigation ("FBI") covered up a threat to his life by a person Plaintiff believes to be former President Donald Trump. Plaintiff does not specify a legal cause of action he is asserting but he indicates he is seeking two billion dollars in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

**BACKGROUND**

Plaintiff's Complaint contains few factual allegations and is difficult to follow. It appears that Plaintiff created a Facebook page called "All Landinghams United" for the purpose of connecting with potential family members. He claims he announced his

1

candidacy for President of the United States for the 2020 election in November 2018. On December 8, 2018, an individual named David VanLandingham, who used a photograph of former President Trump as his Facebook profile picture, contacted Plaintiff through Facebook Messenger asking about the purpose of the "All Landinghams United" page. Plaintiff and VanLandingham communicated through Facebook Messenger for three days. On the third day, their online relationship soured after Plaintiff questioned VanLandingham about inconsistencies in his statements and his reluctance to speak over the telephone or meet in person. VanLandingham then questioned Plaintiff's presidential candidacy. At that point, Plaintiff concluded that VanLandingham actually was President Trump. VanLandingham also said or did something that Plaintiff found to be threatening, and Plaintiff attributed this action to the President as well.

Plaintiff contacted the Cleveland Police Department who referred him to the Federal Bureau of Investigation ("FBI"). He contends the Secret Service did a threat assessment in October 2019. Plaintiff alleges both the FBI and the Secret Service declined to pursue an investigation and asked him to stop calling them. They indicated they would contact local authorities to file harassment charges against Plaintiff if he made further contact with them.

Plaintiff alleges he sent a Freedom of Information Act ("FOIA") request to United States Senator Sherrod Brown in March 2020. He does not indicate what records he requested or what happened with that request. Although he does not provide a copy of his FOIA request to the FBI, he attaches a copy of a response from the FBI dated April 2, 2021 indicating that his letter did not contain sufficient information to conduct an accurate search of the Central Records System and asking for additional information. In the space provided for Plaintiff to list prior addresses, employment, aliases, and a time frame for the information

sought, Plaintiff referred them to a website. Plaintiff again does not identify the records he requested. On April 13, 2021, the FBI responded that they conducted a search of the places reasonably expected to have records and were unable to identify any records responsive to his request. They indicated that if Plaintiff had additional information, he could resubmit a request and they would conduct a new search. Plaintiff states he requested additional assistance from Sherrod Brown and United States Representative Marcy Kaptur. Both responded to his inquiries by saying they would look into the matter.

Plaintiff now brings this action against the Department of Justice. He does not specify the legal cause of action he is asserting. Instead, he states "Case Number from the Cleveland Police Department is 2018-00372245 is the case number where the FBI lied to me and they said that there is no Police Records but I have it so I Have The Proof that The FBI and The Department of Justice Lied To [me]…about The Threat on My life from Trump." (Doc. No. 1 at PageID#: 3). He states "I'm suing for 2 Billion Dollars for President Trump threats on my life and the Ongoing Cover up under President Biden under My FOIA request… ." (Doc. No. 1 at PageID#: 3).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in

3

law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.,* 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King,* 395 U.S. 1,4 (1969); *Soriano v. U.S.,* 352 U.S. 270, 276 (1957). *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). Sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. *Spalding v. Vilas*, 161 U.S. 483, 498 (1896). To proceed

4

with this case, Plaintiff must point to some statute waiving sovereign immunity for the type of suit which he brings before this Court.

It is not clear what legal cause of action he is attempting to assert. He states he is suing the Justice Department because he believes former President Trump threatened him and President Biden or his administration covered up the threat. He does not specify a legal claim and none is apparent on the face of the pleading. Absent an indication of the cause of action for which the United States has waived sovereign immunity, this Court lacks subject matter jurisdiction to entertain this case.

Plaintiff indicates he submitted requests under the Freedom of Information Act ("FOIA"). It appears that he, or someone on his behalf, submitted a FOIA request to the FBI, which is a subdivision of the Justice Department. It is possible that he may be attempting to assert a claim under the FOIA.

The FOIA obligates agencies of the United States government to make their records "promptly available to any person," except those records specifically exempt from disclosure. See 5 U.S.C. § 552(a)(3). The FOIA vests jurisdiction in the district court to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). To establish jurisdiction under the FOIA, the Plaintiff must show that the agency (1) "improperly" (2) "withheld" (3) "agency records." *Id*. at 150 (quoting 5 U.S.C. § 552(a)(4)(B)).

The difficulty with construing a FOIA claim from Plaintiff's allegations is that it is unclear which records he believes were withheld and whether those records were held by the

FBI. In the Complaint, he describes them only as records about the threat on his life from the individual he presumed to be President Trump. The threat allegedly took place through Facebook Messenger in a private conversation between Plaintiff and VanLandingham, who Plaintiff believes was Trump. Plaintiff has those messages; however, there is no suggestion that the FBI would also have them or why Plaintiff would want them as they are already in his possession. Moreover, he states that the FBI and the Secret Service both declined to pursue an investigation, so there would be no records from an investigation to withhold from Plaintiff's FOIA request. If he is alleging the FBI has some other type of information about Plaintiff or VanLandingham, he has not alleged sufficient facts to suggest what it may be. This claim does not rise above the speculative level to state a plausible ground for relief. As no other claim is apparent on the face of the Complaint, Plaintiff has not stated a basis for the waiver of sovereign immunity.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
PAMELA A. BARKER
Date: April 27, 2022    U. S. DISTRICT JUDGE